Michael J. Morrison, Esq. SBN 1665
1495 Ridgeview Drive, Suite 220
Reno, Nevada 89509
Telephone: (775) 827-6300
Attorney for Plaintiff

FILED

CO MAY -9 PM 12: 25

LANCE S. WILSON
CLERK

BY _____ DEPUTY

**ORIGINAL**

## UNITED STATES DISTRICT COURT

## STATE OF NEVADA

GENEMAX CORP. a Nevada corporation,
    Plaintiff,

vs.

LOM SECURITIES (BERMUDA) LIMITED,
a foreign business entity;
LOM (HOLDINGS) LIMITED, a foreign business
entity; BRIAN LINES, an individual;
BLACK CORPORATIONS 1-100;
DOES 1-100;


        Defendants.
_____/

CASE NO. _____

**COMPLAINT AND
DEMAND FOR JURY**

CV-N-03-0246-HDM-VPC

COMES NOW Plaintiff, and as and for a Complaint against Defendants, alleges as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 USCA Sec. 1331, based upon federal questions concerning the laws of the United States, namely 15 USCA Sec.78, commonly referred to as the Securities Exchange Act of 1934 ("Exchange Act"), 15 USCA Sec. 77, commonly referred to as the Securities Act of 1933 (the "Securities Act" or "Act")

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

1



and 18 USCA Sec. 1962, commonly referred to as the Racketeer Influenced and Corrupt Organizations Act ("RICO").

2.    This action states claims pursuant to Section 10 of the Exchange Act, and the rules and regulations promulgated thereunder, and asserts common law claims of negligence, fraud, misrepresentation, deceptive business practices and conspiracy.

3.    Venue is proper in this district because Plaintiffs are domiciled in Washoe County, Nevada, and the claims arose here, all pursuant to 28 U.S.C. § 1391. Venue is also proper pursuant to 18 U.S.C. § 1965.

This Court also has jurisdiction and venue in this action under Section 27 of the Exchange Act and under principles of supplemental jurisdiction.  The acts and transactions constituting violations of the Securities Act and the Exchange Act involved the State of Nevada.  Each of the Defendants transacts or has transacted business in the State of Nevada through corporate and business activities.

4.    Plaintiff brings this action for the damages sustained by it as a result of Defendants' wrongful acts and conduct and for other relief, equitable and legal, as may be appropriate. This action is commenced within the time prescribed by the applicable statutes of limitations.

## GENERAL ALLEGATIONS

5.    Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-4 above as though fully set forth herein.

6.    Plaintiff, GeneMax Corp. ("GeneMax") is a corporation duly organized and existing pursuant to the laws of the State of Nevada and which, at all times pertinent hereto, was authorized to do business and was domiciled in the State of Nevada.

**MICHAEL J. MORRISON**
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

2

7. Defendant LOM SECURITIES (BERMUDA) LIMITED ("LOM") is a business entity duly organized and existing pursuant to the laws of a foreign jurisdiction and which, at all times pertinent hereto, conducted business in the State of Nevada. Upon information and belief, LOM or one of its subsidiaries and/or affiliates is licensed by the National Association of Securities Dealers, Inc. and authorized to trade the stock of GeneMax.

8. Defendant LOM (HOLDINGS) LIMITED ("Holdings") is a business entity duly organized and existing pursuant to the laws of a foreign jurisdiction and which, at all times pertinent hereto, conducted business in the State of Nevada. Holdings is the parent company of LOM and is a publicly traded company on the Bermuda Stock Exchange. Upon information and belief, Holdings or one of its subsidiaries and/or affiliates is licensed by the National Association of Securities Dealers, Inc. and authorized to trade the stock of GeneMax.

9. Defendant BRIAN LINES ("Lines") is an individual operating as a securities account representative in a foreign jurisdiction and who, at all times pertinent hereto, conducted business in the State of Nevada. Upon information and belief, Lines is licensed by the National Association of Securities Dealers, Inc. or other appropriate regulatory agency and authorized to trade the stock of GeneMax.

10. Plaintiff does not know the true names or capacities of the Defendants sued herein as DOES 1-100 and BLACK CORPORATIONS 1-100 and, therefore, Plaintiff sues said Defendants by fictitious names. Plaintiff is informed and believes, and therefore, alleges, that each of said Defendants is legally responsible for the claims for relief and the events and happenings referred to herein, and caused damages to Plaintiff, as alleged herein. Plaintiff anticipates amending this Complaint to name additional firms of securities professionals

**MICHAEL J. MORRISON**
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

3

which are or have been involved in the conduct alleged herein, as well as individuals who are or have been involved in such conduct.

11.   At all times pertinent hereto, certain Defendants were the agents and/or employees of certain co-Defendants and, in doing the things hereinafter alleged, were acting in concert with each other and within the course and scope of such agency and/or employment and with the permission and consent of such co-Defendants, all in furtherance of their unlawful schemes to deprive Plantiff of his money and investment capital, and to deprive Plaintiff of his contract and other rights.

## SPECIFIC ALLEGATIONS

12.   Plaintiff is a publicly-traded company, files reports pursuant to the Exchange Act and its shares of common stock are listed for trading on the O.T.C. Bulletin Board, under the symbol "GMXX".

13.   Defendants are engaged in the securities industry as licensed broker-dealers, market makers or clearing agents, all dealing in the GMXX stock, utilizing the facilities of the U.S. securities industry.

14.   Each of the Defendants has established, maintained, facilitated and/or participated, directly or indirectly, in activities allowing each of the other Defendants and/or their respective clients and/or affiliates, as well as other parties in the Global financial community, to establish and/or hold "short" positions in the GMXX stock. Stock transfer records of Plaintiff, the records of the Depository Trust Corporation ("DTC") and/or the National Securities Clearing Corporation ("NSCC"), as well as the records of Defendants, establish the nature and extent of the "short" positions held by the Defendants in GMXX stock.

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

4

15.   Based on records available to Plaintiff, as well as Plaintiff's stock transfer records, there are at least 1,916,833 restricted shares of GMXX common stock which Defendants have caused, directly or indirectly, to be included in and reflected on investment account statements of LOM clients which are not, in fact, on deposit in such client accounts.

16.   At all times pertinent hereto, Defendants were fully aware of the fact that the 1,916,833 shares of GMXX were not held by or on deposit in such client accounts because Defendants, and each of them, were specifically aware and had direct knowledge of the fact that all of said 1,916,833 shares of GMXX stock were subject of a Voluntary Pooling Agreement, dated July 8, 2002 ("Pooling Agreement"), and all of the stock certificates representing such 1,916,833 shares were physically on deposit with and in the sole and exclusive custody of the Pooling Agreement Trustee, in Denver, CO, as clearly specified and agreed to by all parties to the Pooling Agreement.

17.   Furthermore, each of said Defendants were specifically aware of and had direct knowledge that all of the 1,916,833 shares were restricted under Rule 144 of the Securities Act of 1933, as amended (the "Act"), and, in addition to the mandatory, prohibitory transfer restrictions contained in the Pooling Agreement, were never, since original issuance, legally eligible for sale, transfer, lending or any similar transaction without registration under the Act, or lawful exemption therefrom.

18.   In addition, each of said Defendants were specifically aware of and had direct knowledge that all of the 1,916,833 shares were subject to the GeneMax Bylaw restrictions requiring physical custody of share certificates in order to demonstrate any ownership of GMXX shares.

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

19.   At all times pertinent hereto, Defendants were fully aware of the fact that none of the 1,916,833 shares of GMXX, nor certificates representing ownership thereof,  were ever delivered, in any manner or form,  to Defendants, or any other person, other than to the Pooling Agreement Trustee pursuant to the Pooling Agreement, nor was there ever any understanding or agreement to provide any shares or share certificates representing such 1,916,833 shares, or any portion thereof, to Defendants, or any other party at any future date.

20.   The respective GMXX stock positions of the subject LOM client accounts, as represented to Plaintiff and, upon information and belief,  the Global financial community and shareholders of Plaintiff, present materially false and misleading information concerning the actual number of shares, status, market  value and availability of GMXX shares in the public market for the publicly traded securities of Plaintiff, in that Defendants purport to hold, control and/or have available for sale and/or lending, 1,916,833  shares of GMXX stock, which are not, in fact held, controlled or available for lending because such shares are not on deposit in the client accounts, as represented by Defendants, but rather, are in the exclusive custody and control of the Pooling Trustee in Denver, CO, and Defendants were, at all times pertinent hereto, fully and specifically aware of such facts.

21.   Upon information and belief, Defendants provided information to the Global financial community, including, specifically, the DTC and NSCC, and their stock borrowing program administrators and system, indicating Defendants had on deposit and available for borrowing, from the fungible pool, or otherwise, 1,916,833 shares of GMXX which Defendants specifically knew they did not have on deposit and which were not, in fact,  available.

22.   On July 30, 2002, Plaintiff issued a news release to Defendants and all other members of

MICHAEL J. MORRISON

ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

the Global financial community advising that Plaintiff had amended its Bylaws to require that shares of its common stock could only be transferred by delivery of a certificate. Plaintiff thus advised Defendants that Plaintiff's shares were in a "Custody Only" trading status.

23. Defendants, as securities professionals, owe a duty of care to Plaintiff and its stockholders to employ reasonable means and practices to ensure that trade transactions conducted on their own or on behalf of third parties are not being conducted for the purpose of improperly, deceptively or fraudulently manipulating the market price of publicly traded shares, including the shares of Plaintiff. Pursuant to that duty, Defendants, and each of them, have to take reasonable steps to ensure that, when conducting "short sales" that the securities which are subject of the particular trade can be delivered or borrowed by the settlement date and/or a specified date thereafter. Failure to provide such accurate information misleads the Global financial community and Plaintiff as regards the true number of shares being legally shorted and/or traded in the GMXX stock.

24. Defendants, as securities professionals, owe a duty of care to Plaintiff and its stockholders to employ reasonable means and practices to ensure that true, complete and accurate information is made available to the Global financial community regarding the number of shares of GMXX stock Defendants have on deposit in accounts and have available to be borrowed to cover short transactions. Failure to provide such accurate information misleads the Global financial community and Plaintiff as regards the true number of shares available to be purchased and/or borrowed for covering legally shorted and/or traded positions in the GMXX stock.

25. Defendants, and each of them, represented, and continue to represent to the public and

MICHAEL J. MORRISON

ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

7

Plaintiff, that the trades they conduct on their own or on behalf of third parties are bonafide transactions (a) which have been reasonably reviewed by them to ensure that the trading activity is not being conducted to improperly manipulate stock prices and/or (b) which present information to the investing public, Global financial community and Plaintiff accurately and truthfully portraying the status of stock transactions, ownership or control of shares of GMXX stock, and accurately and truthfully portraying the amount of GMXX stock actually in the marketplace or owned by or under the control of Defendants, or on deposit with and held by said Defendants.

26.   Defendants knew, or should have known that they did not own or control the GMXX securities represented to have been owned or controlled by them in the subject client accounts, respectively, and had no basis or reasonable belief that they owned or controlled such GMXX securities. The information Defendants provided to Plaintiff and others was materially false and misleading because Defendants were "short" the GMXX securities, did not own or control such securities, or have such shares on deposit or available to borrow, and had no reasonable, legal or legitimate source of shares to cover such "short" positions. Defendants are engaged in and facilitate third parties in the unlawful "shorting" of GMXX shares.

27.   Plaintiff justifiably relied upon the representations set forth in paragraphs 21, 25 and 26, above, in conducting its business and financial operations, specifically relying upon the representations of Defendants regarding their respective ownership and/or control of the subject securities.

28.   Upon information and belief, Defendants, and each of them, represented to Plaintiff and others that "short sale" transactions have been and will be settled by delivery or borrowing of

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

8

securities by the settlement date or specified date thereafter. Defendants knew, or should have known, that these representations, though false and misleading, would be relied upon by Plaintiff and others. Plaintiff and others justifiably relied upon the representations set forth in paragraphs 21, 25 and 26 above.

29. Representations made by Defendants in paragraphs 21, 25 and 26, above, were made intentionally and/or negligently, and were materially false and misleading, in that, upon information and belief, Defendants have not delivered or borrowed securities by the applicable settlement date or specified period thereafter in order to legally complete the "short sales" which they conducted in regard to  securities of GMXX. Defendants' "short" sales are "naked", in that Defendants do not own or control, nor have they or can they borrow sufficient shares of GMXX stock to cover the "short" positions they hold, as required by law.

30. During years 2002 and 2003, upon information and belief, Defendants repeatedly conducted, and continue to conduct, "short sales" of GMXX stock without taking any measures to ensure that the stock could be delivered or borrowed by the settlement date and/or any other  specified date (the "Naked Short Sales"). In fact, Defendants specifically knew that at least 1,916,833 shares of GMXX stock was not held by or on deposit with them, was not available for borrowing to cover short sales or positions, and misrepresented the status of such shares to the Plaintiff and the Global financial community. The "Naked Short Sales" destroy the integrity of the trading market for GMXX stock because it allows more shares to trade than were ever issued in the history of Plaintiff. The "excess" shares allow new purchasers to enter the market, but the sellers of the shares, namely Defendants, do not deliver the shares they sold to such purchasers. The result is that Defendants create an artificial and false trading

**MICHAEL J. MORRISON**
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

9

system that allows an unlimited number of shares to be sold by Defendants, thus artificially diluting shareholder interests, devaluing the shares of Plaintiff in the marketplace and manipulating market share prices. Defendants have created or intentionally and/or negligently facilitated a totally fraudulent trading market in GMXX stock.

31.    Plaintiff sent Defendants a demand letter on May 7, 2003, demanding they cease their misrepresentations and comply with Plaintiff's Bylaw provision requiring physical possession of a stock certificate in order to trade in Plaintiff's securities. Plaintiff advised Defendants they were engaging in illegal activities. Defendants failed and refused to comply with such written demand, indicated they would take punitive actions and willfully and maliciously continued their illegal activities.

32. Defendants failed and refused to take and reasonable measures or care with regard to their trading, clearing and/or transfer of shares of GMXX and breached their respective duties of care by, *inter alia*:

a) failing and refusing to implement reasonable and proper procedures and policies to prevent "Naked Short Sales";

b)  failing and refusing to reasonably and properly monitor and supervise its employees and/or agents to ensure compliance with lawful prohibitions against "Naked Short Sales";

c)   failing and refusing to implement and/or enforce and/or maintain reasonable and proper internal policies and procedures to monitor, detect and prohibit "Naked Short Sales";

d)   failing and refusing to implement and/or enforce and/or maintain reasonable and proper accounting policies and procedures to monitor, detect and prohibit "Naked Short Sales";

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

10

e)  failing and refusing to take any reasonable and proper action to monitor, detect and prohibit "Naked Short Sales" when they knew, or should have known, that "Naked Short Sales" were occurring;

f) failing and refusing to accurately and truthfully present to Plaintiff and the Global financial community the true and correct number of shares of GMXX stock Defendants held on deposit and available for borrowing under the DTC/NSCC stock borrowing protocols.

33.  Upon information and belief, Defendants, and each of them, caused the publicly-traded float of the GMXX stock to be artificially inflated, thereby manipulating and/or controlling the price of GMXX stock in the public market.

34.  During year 2002 and 2003, upon information and belief, Defendants acted in concert with each other, and DOES 1-20 and BLACK CORPORATIONS 1-20, which are other securities industry professionals yet specifically unidentified by name, to wrongfully engage in the activities described above, including the manipulation of the market price and perceived float of the publicly-traded GMXX stock (the "Market Manipulation Scheme").

35.  The Market Manipulation Scheme was implemented and conducted by Defendants and others, as stated in paragraph 34 above, by making "naked short sales" of GMXX stock with the intent to artificially increase or decrease the true market price of the GMXX stock, and indicating to Plaintiff and the Global financial community that GMXX shares were on deposit with and held by Defendants when, in fact, they were not.

36.  Defendants, and each of them, specifically had knowledge that such shares were not held by or on deposit with them.

37.  The conduct of Defendants and their Market Manipulation Scheme contravenes the laws,

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

11

rules and regulations of the SEC and the NASD.

38.   The conduct of Defendants and their Market Manipulation Scheme contravenes the criminal laws of the United States and the State of Nevada, the Act and the Exchange Act.

39.   As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered injury, loss and damages, including:

    a) loss of investment opportunity by and/or from third parties;

    b) injury to its reputation;

    c) inability to obtain financing.

40.   Upon information and belief, Defendants derived substantial business and financial benefits from their respective  breaches of their duties.

41.   Defendants, and each of them, have a duty to provide a full independent accounting of their respective activities and operations, specifically including a forensic financial accounting of trades and activities in GMXX stock from January 1, 2001 through current date.

42.   Plaintiff has been required to employ the services of an attorney to protect its legal interests in all of the matters raised in this Complaint and is, therefore, entitled to an award of attorneys' fees, costs and expenses incurred herein.

## FIRST CLAIM FOR RELIEF
### (INJUNCTIVE RELIEF)

43.   Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-42 above as though fully set forth herein.

44.   Plaintiff is suffering irreparable harm as a result of the conduct of Defendants and Plaintiff has no adequate remedy at law to correct the dissemination of false and misleading information regarding GMXX shares allegedly held on deposit by Defendants or the "Naked

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

12

Short Sales". Plaintiff is entitled to a temporary and permanent injunction enjoining Defendants and all persons and parties employed by them, or acting for or in concert with them, to (a) immediately cease and desist from their respective "Naked Short Sale" activities unless and until they own or control sufficient GMXX stock to cover their respective "shorts"; (b) immediately comply with written directives issued by Plaintiff regarding its Bylaw requirement that all shares be transferred only by the delivery of a certificate and that trades be restricted to "Custody Only" transactions; and (c) immediately correct any and all client account information indicating GMXX shares are on deposit with Defendants when, in fact, they are not, and notify Plaintiff and the Global financial community of the true number of GMXX shares held on deposit by Defendants.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (FRAUD)

45.   Plaintiff realleges the allegations contained in Paragraphs 1-44 hereof as though fully set forth herein.

46.   The representations made, and the scheme engaged in by Defendants were false and misleading, and known to be false and misleading, or should have been known to be false and misleading, and/or Defendants knew or recklessly ignored the false and misleading nature of their statements and representations. Defendants had specific motives for their conduct in that they stood to profit from their "shorting" activities and/or from indicating they had on deposit shares of GMXX stock which they did not, in fact, have on deposit.  Such conduct was reckless and constitutes fraud and Defendants acted with scienter.

47.   Said representations were material and made to, *inter alia*, induce Plaintiff to continue

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

13

listing its shares of GMXX stock for trading, which Plaintiff did in justifiable reliance upon said material representations.

48.  As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

49.  As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

50.  The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (EXCHANGE ACT SECTIONS 9 AND 10, RULE 10b-5, NRS CHAPTER 90)

51.  Plaintiff realleges the allegations contained in Paragraphs 1-50 hereof as though fully set forth herein.

52.  The representations made to Plaintiff by Defendants contained statements which, at the time and in light of the circumstances under which they were made, were reckless, false and misleading and omitted to state material facts necessary in order to make the statements not misleading.  Such false and misleading statements and omissions include, but were not limited to the following:

(a)    Defendants owned or had available and under their respective control sufficient shares of GMXX stock to cover their respective "short" positions; and

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

(b)    Defendants had on deposit 1,916,833 shares of GMXX stock.

53.    Said misrepresentations and omissions and other misleading disclosures made by Defendants, and each of them, were all reckless, false and made in violation of Sections 9 and 10 of the Exchange Act and Rule 10b-5 thereunder and Chapter 90 of the Nevada Revised Statutes.  The Defendants knew or, but for their recklessness, should have known that the representations made to Plaintiff and others in the financial community were false and misleading.

54.    Defendants, and each of them, acting as agents for each other, in a knowing and willful manner, aided and abetted each of the other Defendants in their respective violations of Section 10 of the Exchange Act, Rule 10b-5 and NRS Chapter 90 by engaging in improper professional conduct through the issuance of false and misleading information and by encouraging and inducing Plaintiff to continue the maintenance of the market in the GMXX stock  based upon such false and misleading information.

55.    The conduct of Defendants, and each of them, constitutes a device, scheme or artifice to defraud Plaintiff, or a transaction, practice or course of business which operated or would operate as a fraud or deceit upon Plaintiff in violation of Section 10 of the Exchange Act and Rule 10b-5 thereunder, and NRS Chapter 90.

56.    Defendants, and each of them, directly and indirectly, made use of means or instruments of transportation and/or communication in interstate commerce or of the mails in connection with each of the acts and practices alleged herein.

57.    Defendants, and each of them, engaged in the above-described conduct with the intent to deceive, manipulate or defraud, and engaged in said conduct with reckless disregard for the

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

consequences of such conduct to Plaintiff.

58. As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

59. As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

60. The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
### (SECURITIES ACT SECTION 12(2))

61. Plaintiff realleges the allegations contained in Paragraphs 1-60 hereof as though fully set forth herein.

62. The misrepresentations and omissions and the misleading disclosures of material facts described above were all made by Defendants, and each of them, in violation of Section 12(2) of the Securities Act.

63. As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

64. As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

65. The above-described conduct by Defendants, and each of them, was reckless, wanton and

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

16

malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

## FIFTH CLAIM FOR RELIEF
### (NEGLIGENCE)

66. Plaintiff realleges the allegations contained in Paragraphs 1-65 hereof as though fully set forth herein.

67. The conduct of Defendants, and each of them, including breaches of fiduciary duties, constitutes negligence and such negligent conduct proximately caused damages to Plaintiff.

68. As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

69. As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

70. The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

## SIXTH CLAIM FOR RELIEF
### (MISREPRESENTATION)

71. Plaintiff realleges the allegations contained in Paragraphs 1-70 hereof as though fully set forth herein.

72. Defendants, and each of them, by their conduct, breached their common law duty to

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

Plaintiff by fraudulently concealing from Plaintiff and failing to disclose all material facts regarding their market activities regarding the GMXX stock, and by affirmatively making untrue statements about the business purposes and activities of Defendants, and by making false representations regarding the true number of shares of GMXX stock Defendants had on deposit in accounts at LOM, all as previously alleged.

73.   Defendants engaged in said conduct with the intent to deceive, manipulate or defraud and with reckless disregard for the consequences of their conduct on Plaintiff.

74.   As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

75.   As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

76.   The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

### SEVENTH CLAIM FOR RELIEF
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

77.   Plaintiff realleges the allegations contained in Paragraphs 1-76 hereof as though fully set forth herein.

78.   Defendants, and each of them, had a duty to exercise good faith and deal fairly with Plaintiff.

79.   Defendants, and each of them, breached said duty of good faith and fair dealing by

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

18

performing the acts alleged herein.

80.   As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

81.   As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

82.   The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

**EIGHTH CLAIM FOR RELIEF**
**(CONVERSION)**

83.   Plaintiff realleges the allegations contained in Paragraphs 1-82 hereof as though fully set forth herein.

84.   The conduct of Defendants, and each of them, and others not yet known to Plaintiff, constitutes an unlawful conversion of valuable personal property belonging exclusively to Plaintiff.

85.   As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

86.   As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

87.   The above-described conduct by Defendants, and each of them, was reckless, wanton and

MICHAEL J. MORRISON

ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

19

malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

### NINTH CLAIM FOR RELIEF
### (DECEPTIVE TRADE PRACTICE)

88.  Plaintiff realleges the allegations contained in Paragraphs 1-87 hereof as though fully set forth herein.

89.  The conduct of Defendants, and each of them, and others not yet known to Plaintiff, constitutes a deceptive trade practice, as defined in NRS Ch. 598.

90.  As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

91.  As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

92.  The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

### TENTH CLAIM FOR RELIEF
### (RACKETEERING)

93.  Plaintiff realleges the allegations contained in Paragraphs 1-92 hereof as though fully set forth herein.

94.  The conduct of Defendants, and each of them, and others not yet known to Plaintiff,

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

20

constitutes "racketeering", as defined in NRS 207.350-520, and 18 USCA Sec. 1961, et seq. This "racketeering" has been effectuated and furthered by various means and methods, including all of the acts described above, and there are at least two predicate acts (fraud unrelated to securities transactions) sufficient for the federal RICO claims.

95.  As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

96.  As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

97.  The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

98.   Pursuant to NRS 207.470, and 18 USCA Sec. 1964, Plaintiff is entitled to recover from Defendants, and each of them, **treble the damages awarded**, plus attorney's fees and costs incurred in the investigation and litigation of this action.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

### ELEVENTH CLAIM FOR RELIEF
### (INTERFERENCE WITH CONTRACTS)

99.  Plaintiff realleges the allegations contained in Paragraphs 1-98 hereof as though fully set forth herein.

100. The conduct of Defendants, and each of them, and others not yet known to Plaintiff, constitutes interference with Plaintiff's contracts with third parties.

101. As a direct and proximate result of said conduct, Plaintiff has incurred general damages

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

21

in a sum in excess of $10,000,000.

102. As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

103. The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

## TWELFTH CLAIM FOR RELIEF
### (INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGES)

104. Plaintiff realleges the allegations contained in Paragraphs 1-103 hereof as though fully set forth herein.

105. The conduct of Defendants, and each of them, and others not yet known to Plaintiff, constitutes interference with Plaintiff's prospective economic advantages.

106. As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

107. As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

108. The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

22

## FIFTEENTH CLAIM FOR RELIEF
### (PRIMA FACIE TORT)

109.   Plaintiff realleges the allegations contained in Paragraphs 1-108 above as though fully set forth herein.

110.   Defendants, and each of them, engaged in malicious conduct intended to inflict harm and damage to Plaintiff, all without cause or justification.

111.   Such conduct constitutes a prima facie tort.

112.   As a direct and proximate result of said conduct, Plaintiff is entitled to general damages in a sum in excess of $100,000.00.

113.   As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined.  Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

114.   The conduct of Defendants, and each of them, was willful, wanton and malicious and Plaintiff is, thereby, entitled to an award of punitive damages in a sum in excess of $100,000.00 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

## SIXTEEENTH CLAIM FOR RELIEF
### (OUTRAGE; PUNITIVE AND/OR EXEMPLARY DAMAGES)

115.   Plaintiff realleges the allegations contained in Paragraphs 1-114 hereof as though fully set forth herein.

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

23

116.    Said conduct of Defendants, and each of them, was done intentionally and willfully, in knowing and/or reckless disregard of Plaintiff's rights and with the use of oppression; and, Defendants, and each of them, are guilty of express and/or implied malice toward Plaintiff. Defendants committed the tort of outrage.

117.    As a direct and proximate result of said conduct, Plaintiff has incurred general damages in a sum in excess of $10,000,000.

118.    The conduct of Defendants, and each of them, should be punished through an award of punitive damages in a sum in excess of $10,000,000 and/or an example should be made of Defendants, and each of them, through an assessment of exemplary damages in a sum in excess of $10,000,000 to discourage each Defendant and others in like circumstances from similar conduct in the future.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

**SEVENTEENTH CLAIM FOR RELIEF**
**(CONSPIRACY)**

119. Plaintiff realleges the allegations contained in Paragraphs 1-118 hereof as though fully set forth herein.

120. The conduct of Defendants, and each of them, and others not yet known to Plaintiff, constitutes an unlawful conspiracy, employing, *inter alia*, means of fraudulent documents, misrepresentations and untrue statements to, among other things, mislead Plaintiff and others regarding the number of shares of GMXX stock held on deposit by Defendants. This conspiracy has been effectuated and furthered by various means and methods, including all of the acts described above.

121. As a direct and proximate result of said conduct, Plaintiff has incurred general damages

MICHAEL J. MORRISON

ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

24

in a sum in excess of $10,000,000.

122. As a further direct and proximate result of said conduct, Plaintiff has incurred special damages in a sum which has not yet been fully determined. Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

123. The above-described conduct by Defendants, and each of them, was reckless, wanton and malicious and Plaintiff is, thereby, entitled to an award of exemplary and punitive damages in a sum in excess of $10,000,000 from each Defendant.

WHEREFORE, Plaintiff prays for judgment as more particularly hereinafter set forth.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For judgment in favor of Plaintiff and against Defendants, and each of them, on all claims set forth herein.

2.    For general damages in a sum in excess of $10,000,000 from each Defendant.

3.    For special damages according to proof at the time of trial, including attorney's fees, costs and expenses.  Plaintiff will seek leave to amend this Complaint to conform to proof at the time of trial.

4.    For punitive damages in a sum in excess of $10,000,000 from each Defendant.

5.    For a full independent financial accounting of the business operations of each Defendant.

6.    For a temporary and permanent injunction enjoining Defendants from continuing their "shorting" activities and from presenting false account information to Plaintiff and the Global

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

25

1    financial community.

2    7.    For a jury trial on all issues raised herein.

3    8.    For such other and further relief as the Court deems just and proper, including

4    attorney's fees, costs and expenses, plus interest on all sums and damages awarded

5

6    hereunder at the highest legal rate until paid in full.

7            Dated this ___ day of May, 2003.

8

9                           Michael J. Morrison, Esq.,
                              Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MICHAEL J. MORRISON
ATTORNEY AND COUNSELOR AT LAW
1495 RIDGEVIEW DRIVE, SUITE 220
RENO, NEVADA 89509
(775) 827-6300
FAX (775) 827-6311

26